**Shawn Lamar YOUNG, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–92–027–CR.**

Court of Appeals of Texas,
Eastland.

Nov. 12, 1992.

Grady Swindle, Stephenville, for appellant.

John Terrill, Dist. Atty., Stephenville, for appellee.

## OPINION

McCLOUD, Chief Justice.

The jury convicted Shawn Lamar Young of possession of 28 grams or more (but less than 400 grams) of cocaine and assessed his punishment at confinement for 30 years and a fine of $15,000. We affirm.

In his first point of error, appellant argues that the trial court erred in allowing the introduction of evidence that was obtained from an illegal search and seizure. We disagree. When he was asked for consent to search the car, appellant told Officer Tim Marak that he could not give consent because the car was owned by the

backseat passenger, Bishop Milligan. Milligan then gave Officer Marak written consent to search the vehicle. Appellant's consent was not required. *Williams v. State,* 621 S.W.2d 609 (Tex.Cr.App.1981). Because a valid consent to search was obtained from the owner, the evidence was admissible against appellant. The first point of error is overruled.

■ In his second point of error, appellant argues that the evidence is insufficient to prove that he possessed cocaine. He argues that the testimony of Milligan, an accomplice, was not properly corroborated. In order to support a conviction based upon the testimony of an accomplice, there must be corroborating evidence that tends to connect the accused with the offense. TEX.CODE CRIM.PRO.ANN. art. 38.14 (Vernon 1979); *Reed v. State,* 744 S.W.2d 112 (Tex.Cr.App.1988).

Appellant testified that he accompanied Milligan and Milligan's girlfriend on a trip from Abilene to Dallas. They went in Milligan's car, but appellant drove because Milligan did not have a driver's license. They switched drivers after passing through Weatherford, and Milligan drove into Dallas. While in Dallas, they visited Milligan's grandmother and then went to an apartment complex. At Milligan's request, appellant got out of the car and followed Milligan. Appellant testified that Milligan walked off about 50 feet away from appellant and left him standing there "awed." When appellant turned around, Milligan was coming back, and "he had stuck something in his coat pocket." Appellant later testified that, while they were at the apartments, Milligan's girlfriend bought some marihuana. They left and went to a liquor store where Milligan bought about ten cases of beer and a carton of cigarettes. Afterwards, they went to another store where Milligan purchased a styrofoam cooler and a bag of ice. Milligan then drove to Weatherford where they switched drivers again. Milligan and his girlfriend sat in the backseat and smoked a "joint." When appellant was stopped for speeding, Milligan consented to the search of the car after Officer Marak's narcotics dog indicated that illegal drugs were in the car. Officer Marak testified that marihuana was found in a purse and that cocaine was found under the ashtray in the right rear door and in a pocket on the back of the front seat on the passenger's side. The record reflects that, prior to switching drivers in Weatherford, appellant had been sitting in the backseat on the passenger's side.

Milligan testified to the same events that appellant described in his testimony except that Milligan also testified that appellant knew that Milligan had purchased cocaine at the Prince Au Chaney Apartments and knew that the cocaine was somewhere in the car. Milligan added that he had already pleaded guilty and had been sentenced for possession of cocaine. Appellant's testimony corroborates the testimony of Milligan in that it places appellant with Milligan before, during, and after the cocaine was purchased. Appellant's testimony further corroborates Milligan's testimony regarding the details of the trip to and from Dallas. We find that appellant's testimony tended to connect him with the possession of cocaine. See *Romero v. State,* 716 S.W.2d 519, 523 (Tex.Cr.App.1986).

In order to determine if the evidence is sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991). The "reasonable hypothesis analytical construct," discussed and rejected in *Geesa,* supra at 161, does not apply in reviewing the sufficiency of the evidence in appellant's case because he was tried after November 6, 1991. Therefore, in compliance with *Geesa,* we will look at all the evidence in the light most favorable to the verdict.

■ In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. *Hu-*

*mason v. State*, 728 S.W.2d 363 (Tex.Cr. App.1987). When the accused is not shown to have had exclusive possession of the place where the contraband was found, the evidence must affirmatively link the accused to the contraband. *Garcia v. State*, 840 S.W.2d 957 (Tex.Cr.App.1992); *Humason v. State*, supra; *Pollan v. State*, 612 S.W.2d 594 (Tex.Cr.App.1981). The record shows the following affirmative links: appellant was driving the car when it was stopped for speeding; appellant had ready access to the cocaine in the pocket on the back of the front seat; appellant admitted that he knew that his passengers smoked marihuana in the car and that marihuana was in the car; appellant was with Milligan (about 50 feet away) when he purchased the cocaine at the apartments referred to as "Crack City"; appellant admitted that he knew that Milligan's girlfriend purchased marihuana there; and appellant knew that cocaine was in the car. We find that these affirmative links are sufficient to link appellant to the cocaine.

When the driver of an automobile containing a passenger knows that contraband is located in the car, the court in *Duncan v. State*, 680 S.W.2d 555, 560 (Tex.App.—Tyler 1984, no pet'n), stated:

> Where the accused is the driver of the automobile in which the contraband was found, sufficient circumstances exist for the jury to conclude that the accused has dominion, control and possession over the place where the contraband is located and therefore has exercised care, control and management over the contraband itself.

Even though appellant testified that he knew nothing about the cocaine, Milligan testified that appellant knew the cocaine was in the car which appellant was driving. The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, was free to believe or disbelieve all or any part of the testimony. TEX.CODE CRIM.PRO.ANN. art. 38.04 (Vernon 1979); *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Cr.App.1987); *Penagraph v. State*, 623 S.W.2d 341 (Tex.Cr. App.1981). We note that the cases cited by appellant, where the evidence was held insufficient to convict the driver of an automobile for possession of contraband, are distinguishable because there was no direct evidence in those cases that the driver had knowledge that contraband was in the car.

A rational trier of fact could have found the essential elements of possession of cocaine beyond a reasonable doubt. There is direct evidence that appellant knew that the cocaine was in the vehicle. When he drove the vehicle knowing that it contained cocaine, appellant exercised some control over the contraband. Otherwise, a driver of an automobile containing a large amount of contraband in the backseat could not be convicted of possession if the passenger claimed sole ownership. The appellate court should not become the "thirteenth juror."

We hold that the evidence is sufficient to show that appellant knew that cocaine was in the car and that he exercised care, control, custody, or management over the cocaine. See, e.g., *Garcia v. State*, supra; *Marsh v. State*, 684 S.W.2d 676 (Tex.Cr. App.1984). The second point of error is overruled.

The judgment of the trial court is affirmed.

DICKENSON, Justice, concurring.

Let the drivers of motor vehicles beware! If you agree to drive a car as an accommodation to your friend, this case holds that you can be found guilty of possession of cocaine if your friend testifies that he had cocaine in his car. The jury is free to reject your testimony that you did not know the cocaine was in the car. The jury is also free to find that you had control over any contraband which was in the car if there is any proof that you operated the car while you knew the contraband was in the car.

In this case, the proof shows that appellant was driving the car and that cocaine was found in the car after the owner of the car signed a consent to permit the search of the car. The owner of the car was in the car with the cocaine, and he testified that appellant:

[K]now I had it.... Well, he know it was in the car, he didn't know where it was.

I am satisfied that the majority opinion is correct, but this is an extreme result.

ARNOT, Justice, dissenting.

I must respectfully dissent. In order to establish unlawful possession of a controlled substance in a joint possession case, the State must prove two elements: (1) that the accused exercised care, custody, and control over the contraband and (2) that the accused knew the matter possessed was contraband. We use "affirmative links" to prove the two elements.

In the case before us, the majority has listed what it believes to be the affirmative links to establish unlawful possession. However, all but one of the affirmative links relied upon by the majority merely prove that the accused knew the matter possessed was contraband.

The majority finds that appellant's driving the automobile is the "affirmative link" showing that appellant exercised care, custody, or control over the contraband. There were no furtive gestures or any other affirmative links to connect appellant with management over the contraband.

The majority fears that, in all future joint possession cases, the driver can escape culpability by saying, "I knew it was there but I was just driving." I disagree with the majority's alarm. I cannot hold that driving an automobile, knowing that contraband is in it, alone is sufficient to exercise control over the contraband. Does the driver exercise control over all of the contents of a vehicle merely because he is driving? Should a passenger be in a better position to deny culpability of contraband in an automobile than the driver? Because I do not think so, I respectfully dissent. I would reverse the conviction.