11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

David Franklin Ayers

Appellant

Vs.                   No.  11-03-00123-CR B Appeal from Palo Pinto County

State of Texas

Appellee

 

The jury
convicted David Franklin Ayers of possession of a controlled substance,
methamphetamine, in an amount less than 1 gram.  The jury assessed appellant=s punishment at confinement in a state jail facility for 18 months and
a $5,000 fine.  We affirm.








In his
sole point of error, appellant argues that the evidence is insufficient to
support his conviction.  In order to
determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).   In order to
determine if the evidence is factually sufficient, we must review all of the evidence
in a neutral light and determine whether the evidence supporting guilt is so
weak as to render the conviction clearly wrong and manifestly unjust or whether
the evidence supporting guilt, although adequate when taken alone, is so
greatly outweighed by the overwhelming weight of contrary evidence as to render
the conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex.Cr.App.2002); Goodman
v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Cain v. State, 958 S.W.2d
404 (Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126
(Tex.Cr.App.1996).    We review the fact
finder=s weighing of the evidence and cannot
substitute our judgment for that of the fact finder.  Cain v. State, supra; Clewis v. State, supra.  Due deference must be given to the jury=s determination, particularly concerning the
weight and credibility of the evidence. 
Johnson v. State, 23 S.W.3d 1 (Tex.Cr.App.2000); Jones v.
State, 944 S.W.2d 642 (Tex.Cr.App.1996), cert. den=d, 522 U.S. 832 (1997).  This
court has the authority to disagree with the fact finder=s determination “only when the record clearly
indicates such a step is necessary to arrest the occurrence of a manifest
injustice.”  Johnson v. State, supra
at 9.

Johnny
McKee, formerly with the Brazos River Authority, testified that on June 23,
2001, he was patrolling the water on Possum Kingdom Lake with Deputy Tommy
Shawver, formerly with the Palo Pinto County Sheriff=s Office. 
McKee stated that he saw appellant fishing and that appellant was
breaking limbs off trees along the shoreline. 
It is against Brazos River Authority regulations to break tree limbs on
Brazos River Authority property.  McKee
and Deputy Shawver approached appellant to inform him of the regulations.  McKee asked appellant for his fishing license
and identification.  McKee stated that
appellant went to his van to retrieve the license and identification. 

After
appellant retrieved his fishing license and identification, McKee asked
appellant if  “he had any other weapons
or drugs” at his camp site.  Appellant
responded that he did not, and he gave McKee and Deputy Shawver consent to
search the camp site and his van.  The
van was a cargo van with the company name England Plumbing on it.  McKee testified that there was a lady and
two teenage boys with appellant at the camp site, but that they were not near
the van at the time.  McKee stated that,
on the way to search the van, appellant said that “he was not the only one that
uses the van.” 

McKee
testified that, when searching the van, he saw two clear plastic bags
containing a brown powder substance lying on top of the console.  McKee further testified that he found a
black camera bag.  Inside of the camera
bag, there was a clear plastic bag containing what McKee believed to be
marihuana.  McKee stated that he also
found a “red, round tube” inside of a pocket on the driver=s side door. 
The tube had two clear plastic bags with a brown powder substance
inside.  The brown powder substance was
later determined to be methamphetamine. 
McKee said that he also found a glass pipe used to smoke
methamphetamine. 








Misty Dawn
Bryant testified at trial that she works for England Plumbing.  Bryant said that appellant was employed by
England Plumbing at the time of the offense. 
Bryant stated that England Plumbing assigned a company van to appellant,
and that he was the only person who used that vehicle.  Bryant further testified that appellant did
not have the authority to drive the vehicle to Possum Kingdom Lake. 

Brenda
Byars, appellant=s former girlfriend, testified that she was
with appellant at the camp site at the time of the offense.  Byars said that she saw the game warden
observing the camp site.  Byars went to
the van to get the fishing license. 
Byars said that she “ransacked” the van looking for the fishing
license.  When she returned to
appellant, he had found his identification and fishing license in his
wallet.  Byars said that the officer
asked to search the camp site and van and that appellant gave consent. 

Appellant
testified that he was fishing and that he broke a tree limb that was in front
of him.  Appellant did not know that
that was against Brazos River Authority regulations.  McKee and Deputy Shawver approached appellant in their boat.  McKee asked appellant for his fishing
license.  Appellant said that his
fishing license was in the van, and McKee sent Byars to get the license.  McKee asked appellant for permission to
search the van, and appellant consented. 
Appellant said that he told McKee he was not the only one who used the
van.  Appellant said that he did not
know there was anything illegal in the van. 


Appellant
further testified at trial that  McKee
approached him with a plastic baggie and said: 
“[T]he only fingerprints going to be on this is mine and yours.”  Appellant told McKee that he did not know
anything about the baggie and that appellant=s fingerprints would not be on it. 
Appellant stated that he was not the only one with access to the van at
the camp site and that other employees at England Plumbing also had access to
the van. 








Appellant
argues that the evidence is insufficient to show that he possessed
methamphetamine.  In cases involving
unlawful possession of a controlled substance, the State must prove that the
accused exercised care, custody, control, or management over the substance and
that the accused knew that the matter possessed was contraband.  Martin v. State, 753 S.W.2d 384
(Tex.Cr.App.1988); Young v. State, 842 S.W.2d 364 (Tex.App. - Eastland
1992, no pet=n). 
When the accused is not shown to have had exclusive possession of the
place where the contraband was found, the evidence must affirmatively link the
accused to the contraband.  Pollan v.
State, 612 S.W.2d 594 (Tex.Cr.App.1981); Young v. State, supra.  Factors which have been considered as
establishing affirmative links with contraband include: (1) presence when the
search was executed; (2) contraband in plain view; (3) proximity to and
accessibility of the contraband; (4) accused under the influence of contraband
when arrested; (5) accused=s possession of other contraband when arrested; (6) accused=s incriminating statements when arrested; (7)
attempted flight; (8) furtive gestures; (9) odor of the contraband; (10)
presence of other contraband; (11) accused=s right to possession of the place where contraband was found; and (12)
narcotics found in an enclosed place.  State
v. Derrow, 981 S.W.2d 776, 779 (Tex.App. ‑ Houston [1st Dist.] 1998,
pet=n ref=d).

The jury
heard testimony that appellant went to the van to retrieve his fishing license
and identification and that no one else went to the van between that time and
the time of the search.  The jury is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  TEX. CODE CRIM. PRO. ANN.
arts. 36.13 & 38.04 (Vernon 1979 and 1981); Wesbrook v. State, 29
S.W.3d 103 (Tex.Cr.App.2000), cert. den=d, 532 U.S. 944 (2001). It is also the exclusive province of the jury to
reconcile conflicts in the evidence.  Wesbrook
v. State, supra.  The record shows
that methamphetamine was found on the console of the van in plain view and
also  in a pocket on the driver=s side door. 
Byars testified that appellant drove the van to the lake.  The jury also heard evidence that the van
was assigned to appellant and that no one else used the van.  After reviewing all of the evidence in the
light most favorable to the verdict, we conclude that a rational trier of fact
could have found that appellant was in possession of methamphetamine.  After reviewing all of the evidence in a
neutral light favoring neither party, we hold that the jury=s verdict is not so against the great weight
of the evidence as to be clearly wrong and unjust.  Appellant=s sole point of error is overruled.

The
judgment of the trial court is affirmed.

 

TERRY
McCALL

JUSTICE

 

September 25, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.