**Tyrone Latroy SPRATT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–93–00296–CR.

Court of Appeals of Texas,
El Paso.

June 30, 1994.

Lee Wilson, Houston, for appellant.

John B. Holmes, Dist. Atty. of Harris County, Houston, for state.

Before BARAGAS, C.J., and LARSEN and McCOLLUM, JJ.

## OPINION

McCOLLUM, Justice.

Tyrone Spratt appeals from a conviction for the offense of aggravated possession of cocaine. Upon a finding of guilt, the court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of 40 years. We affirm the judgment of the trial court.

The record reflects that on the night of March 31, 1993, Tyrone Spratt, the Appellant in this cause, and Katina Alexander were arrested for drug possession at the Greyhound Bus Station in Houston, Texas. Spratt and Alexander, who were from Mobile, Alabama, traveled to Houston together a few days earlier, and were on their way back to Alabama that night. The pair entered the bus station together, each carrying a black bag, then split up once they passed the ticket counter. Spratt headed directly to the departure gate for a bus that would soon leave for Miami. Alexander, after roaming around the lobby for a few minutes, got in line behind Spratt.

On the night in question, four Houston police officers assigned to the drug interdiction squad were working at the Greyhound station in a effort to identify drug couriers. Several of the officers testified at Spratt's trial that Spratt and Alexander aroused their suspicions because they appeared to fit a drug courier profile in several respects: (1) they had purchased their bus tickets in advance and arrived at the station shortly before their departure, (2) Alexander appeared nervous and kept scanning the crowd, (3) Spratt walked rapidly past the ticket counter and headed directly for the passenger loading area, and (4) once Spratt and Alexander were in line at the departure gate, Spratt tried to appear as if he were not traveling with Alexander.

1. The total weight of the cocaine was 916 grams.

Officers Fabian Arista and M.L. Gann approached Alexander, obtained her verbal consent to search her bag, and found inside the bag a Trix cereal box containing 47 baggies of crack cocaine.[1] The officers arrested Alexander. Throughout this exchange and Alexander's arrest, Spratt stood silent, pretending not to know Alexander.

Officers Rodriguez and Slay approached Spratt separately. Spratt answered the officers' questions and gave them verbal consent to search his bag, which contained no contraband. During the exchange, he told the officers he was traveling alone, but continued watching Alexander out of the corner of his eye. Although Spratt's bag contained no contraband, he was arrested when Alexander told Officers Arista and Gann that she was traveling with Spratt and that the crack cocaine belonged to Spratt. At trial, Alexander testified against Spratt, whom she knew by the name of "Duce," describing how Spratt coerced her into carrying the drugs for him.

In a single point of error, Spratt argues that the trial court erred in overruling his motion for instructed verdict because there was a lack of sufficient evidence corroborating the accomplice witness's testimony. An accomplice witness's testimony must be corroborated under Article 38.14 of the Code of Criminal Procedure:

> A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1979).

In reviewing the sufficiency of accomplice witness corroboration, the proper focus is not whether the other evidence standing alone sufficiently establishes the guilt of the accused. *Cox v. State,* 830 S.W.2d 609, 611 (Tex.Crim.App.1992). Rather, the Court of Criminal Appeals has interpreted Article 38.14 as follows:

It is well settled ... that the corroborative evidence need not directly link the accused to the crime or be sufficient in itself to establish guilt. [Citations omitted.] The test to determine the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then examine the testimony of other witnesses to ascertain if there is inculpatory evidence which *tends to link* the accused with the commission of the offense. [Citations omitted.]

*Cook v. State,* 858 S.W.2d 467, 470 (Tex.Crim. App.1993), *citing Thompson v. State,* 691 S.W.2d 627, 631 (Tex.Crim.App.1984) (emphasis in original.) Apparently, insignificant incriminating circumstances may sometimes afford satisfactory evidence of corroboration. *Mitchell v. State,* 650 S.W.2d 801, 807 (Tex. Crim.App.1983). But if the nonaccomplice evidence fails to connect an appellant to the offense, the evidence is insufficient to support the appellant's conviction and an acquittal results. *Munoz v. State,* 853 S.W.2d 558, 560 (Tex.Crim.App.1993).

 Spratt argues that the nonaccomplice testimony did not connect him with the offense of aggravated possession of cocaine; the facts, however, evidence an existing relationship between Spratt and Alexander that Spratt denied when the drugs were found on Alexander. In this case, Spratt was seen entering the bus station with Alexander. He stood next to her in line while waiting for the bus, but then pretended not to know her when the officers questioned her, searched her bag, and arrested her. When asked directly, Spratt told Officer Slay that he was traveling alone. The evidence established that Spratt's bus ticket and Alexander's bus ticket were purchased at the same time, some five hours earlier, and bore consecutive serial numbers. Alexander testified that she knew Spratt by the name of "Duce," and a narcotics officer from Mobile, Alabama, testified that Spratt was known in Mobile by that nickname. Moreover, Alexander testified that prior to departing an apartment she and Spratt stayed in while in Houston, Spratt packed a bag containing his clothes, Alexander's clothes, and a dry cereal box containing the drugs. This testimony was corroborated by testimony from one of the arresting officers. The arresting officer testified that both male and female clothing was found in the bag containing the drugs.

The fact that the accused was present in the company of an accomplice witness near the time of the offense, while not conclusive, is a factor that can be considered. *Killough v. State,* 718 S.W.2d 708, 711 (Tex. Crim.App.1986). A defendant's suspicious conduct, such as failure to acknowledge his relationship with the accomplice, may prove sufficient corroboration of an accomplice witness's testimony to warrant conviction. *See Id.* Absent Alexander's testimony, the remaining evidence in this case may be insufficient to establish Spratt's guilt; however, it does "tend[s] to connect the accused with the offense committed." *Cox,* 830 S.W.2d at 611.

We conclude that the circumstances and evidence in the case *sub judice* afford satisfactory evidence of corroboration. *See Mitchell,* 650 S.W.2d at 807.

We overrule Spratt's point of error and affirm the trial court judgment.