AFFIRMED; Opinion Filed September 7, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-00015-CR

### EDWARD SHAMAR COLLINS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court
Rockwall County, Texas
Trial Court Cause No. 2-09-597

## OPINION

Before Chief Justice Wright and Justices Murphy and Campbell
Opinion By Justice Campbell[1]

Edward Shamar Collins was convicted by a jury of possession of marijuana in an amount of

fifty pounds or less but more than five pounds, enhanced by a prior felony conviction. *See* TEX.

HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(4) (West 2010). After pleading true to the

enhancement paragraph, he was assessed punishment of fifteen years' imprisonment in the Texas

Department of Criminal Justice and a $5,000 fine. In his sole issue presented to this Court, appellant

contends the conviction is not supported by non-accomplice corroborating evidence connecting him

---

[1] The Honorable Charles F. Campbell, Senior Appellate Judge, Texas Court of Criminal Appeals, sitting by assignment.

-1-

with the offense. We disagree and will affirm.

## FACTS

Rockwall Police Officer Jackye Shouse stopped Taneshia Hodges for a traffic violation on I-30 in Rockwall County. Appellant was a passenger in the vehicle Hodges was driving. The vehicle was rented by a third person, Raven Gregory. The names of Hodges and appellant did not appear on the rental agreement. Upon questioning, Hodges told Shouse that her cousin had rented the vehicle, but she later changed that to appellant's cousin, Gregory. Appellant claimed Gregory had rented the vehicle, and appellant called Gregory while still at the scene of the stop. Hodges and appellant gave Shouse conflicting answers about their destination and the purpose of their trip. According to Shouse, appellant was nervous, looking around, and fidgeting. Hodges gave Shouse consent to search the vehicle. During the vehicle search, Shouse found a taped-up Bud Light box in a plastic tub in the trunk that contained 19.85 pounds of marijuana. Hodges and appellant were arrested and charged with possession of marijuana. While being placed under arrest, but prior to Shouse revealing or removing the contraband from the trunk, appellant stated "That's not even mine."

Hodges testified that she pled guilty to the possession charge in exchange for deferred adjudication, but she also testified that she did not know the marijuana was in the trunk. She testified that her belongings were all in the back seat of the vehicle. She further testified that appellant knew the drugs were his, but he would not "own up to it like a man." Hodges said she later learned that appellant's girlfriend had rented the vehicle. Conversely, appellant testified he had never seen the plastic tub that contained the marijuana and had no knowledge of what was in the trunk of the vehicle.

## APPELLANT'S AND STATE'S ARGUMENTS

Appellant contends there is insufficient non-accomplice corroborating evidence in this case

-2-

to connect appellant to the offense. According to appellant, all such testimony offered by the State was nebulous and vague. The State counters that the multiple inculpatory circumstances presented through non-accomplice evidence tended to connect appellant to the commission of the crime and that it meaningfully contributed to the corroboration of the accomplice testimony.

## APPLICABLE LAW

Texas Code of Criminal Procedure article 38.14 provides that a defendant cannot be convicted of an offense upon the testimony of an accomplice without other corroborating evidence tending to connect the defendant to the offense. TEX. CODE CRIM. PROC. ANN. art. 38.14 (West 2005). When reviewing the sufficiency of non-accomplice evidence under article 38.14, an appellate court decides whether the inculpatory evidence tends to connect the accused to the commission of the offense. *Smith v. State*, 332 S.W.3d 425, 442 (Tex. Crim. App. 2011). The direct or circumstantial non-accomplice evidence is sufficient corroboration if it shows that rational jurors could have found that it sufficiently tended to connect the accused to the offense. *Simmons v. State*, 282 S.W.3d 504, 508 (Tex. Crim. App. 2009). There is no required quantity of corroborating evidence necessary for sufficiency purposes. *Malone v. State*, 253 S.W.3d 253, 257 (Tex. Crim. App. 2008). Corroborating evidence, considered independently, need not establish guilt. *Id*.

When there are conflicting views of the evidence—one that tends to connect the accused to the offense and one that does not—an appellate court will defer to the fact finder's resolution of the evidence. *Simmons* 282 S.W.3d at 508.[2] Consequently, it is not appropriate for appellate courts to independently construe the non-accomplice evidence. *Id.* at 509.

Each set of non-accomplice evidence must be judged on its own merits, but some examples

---

[2] The United States Supreme Court has held that when there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. *See Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985).

of such evidence have been discussed by other courts of appeal and by our court of criminal appeals, *viz*: *Hernandez v. State*, 939 S.W.2d 173, 178 (Tex. Crim. App. 1997) (evidence of guilty demeanor); *Reed v. State*, 744 S.W.2d 112, 127–28 (Tex. Crim. App. 1988) (suspicious circumstances, coupled with defendant's presence during commission of the crime, and discrepancies in stories); *Johnson v. State*, 234 S.W.3d 43, 55 (Tex. App.—El Paso, 2007, no pet.) (consciousness of guilt); *Underwood v. State*, 967 S.W.2d 925 (Tex. App.—Beaumont 1998, pet. ref'd) (contradictory explanations for traveling); *Spratt v. State*, 881 S.W.2d 65, 66–67 (Tex. App.—El Paso 1994, no pet.) (furtive behavior).

## APPLICATION OF LAW TO FACTS

Appellant, citing *Holladay v. State*, 709 S.W.2d 194, 199–200 (Tex. Crim. App. 1986), contends the non-accomplice evidence raises only extraneous matters that do not sufficiently connect him to the commission of the offense. It is true that facts not material to the case are not sufficient, alone, to satisfy the corroboration requirement of article 38.14. *Holladay*, 709 S.W.2d at 200. But *Holladay* is not directly applicable to this case because it addresses the proper article 38.14 jury instruction in capital murder cases where a defendant is alleged to have committed a predicate felony along with a murder. *Id.* at 196. The court in *Holladay* specifically held the question of whether non-accomplice evidence was sufficient to corroborate the accomplice testimony must be decided on an *ad hoc* basis. *Id.* at 200. So any holding regarding the quantum of corroborating evidence in *Holladay* is dicta.

In this case, the only issue to be decided is whether the evidence corroborating the accomplice testimony is sufficient to sustain appellant's conviction. To that end, the State offers in its brief examples of corroboration of Hodges's testimony that appear in this record, and were outlined earlier in this opinion. Shouse testified that appellant displayed more than the usual

-4-

nervousness typically seen in a traffic stop and that was more in line of consciousness of criminal activity. Appellant and Hodges provided Shouse with contradictory travel plans and contradictory places of residence. Appellant and Hodges at first provided Shouse with contradictory information concerning who had rented the subject vehicle. Appellant offered an unsolicited comment to Shouse, before Shouse indicated he had found the marijuana, "that's not even mine". Appellant was in proximity to a quantity of marijuana that far exceeded possession for personal use. Finally, appellant made a cell phone call shortly after the stop to Raven Gregory, the person named on the car rental agreement. None of these factors, if considered alone and in a vacuum, would arguably provide sufficient corroboration of Hodges's testimony to sustain appellant's conviction. But taken together, they would supply adequate corroboration for Hodges's testimony when viewed in the light most favorable to the prosecution. *See Simmons*, 282 S.W.3d at 508. Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.

CHARLES F. CAMPBELL
JUSTICE, ASSIGNED

Do Not Publish
TEX. R. APP. P. 47
110015F.U05