**Donald MOORE and Mike Schaffer, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**No. 49737.**

Court of Criminal Appeals of Texas.

April 9, 1975.

William L. Fly, San Marcos, for appellants.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from convictions for the offense of burglary. The jury assessed appellant Moore's punishment at four years probated. Punishment was assessed by the jury at two years for appellant Schaffer.

Appellants contend the evidence will not sustain the convictions because it is based upon the testimony of an accomplice witness which is not sufficiently corroborated.[1]

■ The test for determining the evidence required to support a conviction in addition to the testimony of an accomplice has been stated by this Court in numerous opinions as follows:

"The test of the sufficiency of such corroboration is to eliminate the evidence, of the accomplice from consideration and then to examine the evidence of other witnesses to determine if there is inculpatory evidence, evidence of an incriminating nature which tends to connect the accused with the commission of the offense. Merely showing an offense occurred is not sufficient." Odom .v. State, Tex.Cr.App., 438 S.W.2d 912; Edwards v. State, Tex.Cr.App., 427 S.W.2d 629; Anders v. State, Tex.Cr.App., 501 S.W.2d 665.

"The corroborative testimony need not supply direct evidence; it must only tend to connect appellant with the crime." Cherb v. State, Tex.Cr.App., 472 S.W.2d 273.

The record reflects that accomplice Billy Don Holland testified that he and the appellants drove to the Hillsboro Monument Works on the night of August 8, 1972, in appellant Schaffer's car. Holland and appellant Moore pried the back door of the Hillsboro Monument Works open with a tire tool, entered the building, and removed money therefrom which was divided between Holland and the two appellants.

We look now to evidence other than that of the accomplice witness to determine if it tends to connect the appellants with the offense alleged.

Margaret Taylor testified that she was bookkeeper for Hillsboro Monument Works on August 8, 1972, and that the back door

1. Article 38.14, Vernon's Ann.C.C.P. provides:

"A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense."

of the building was locked on the night of August 8, 1972. When she arrived at work the next morning, she found that the door "had been pried open with something heavy." According to Taylor, "thirty to forty dollars" had been taken "out of my desk and out of the coke machine and the candy machine."

Officer Younger stated that it was determined that "change" had been spent at Grimes Service Station and Hazel's Cafe on the night in question and that such investigation led officers to contact Holland. The investigation to determine places where "change" had been spent was prompted by the fact that a large number of quarters, dimes, and nickels were taken in the burglary.

Officer Taylor testified that he saw Holland and the appellants a little after 10:00 p. m. on the courthouse square, noted that they were gone "five or ten minutes later," and did not see them again until "around midnight," when he observed them "coming in from the north end of town from towards Itasca."

■ Mere presence of accused in company of accomplice shortly before or after time of offense is not, in itself, sufficient corroboration of testimony of an accomplice. Cherb v. State, supra; Rodriquez v. State, Tex.Cr.App., 508 S.W.2d 80. The record in the instant case is devoid of any evidence of probative value as to the time of the crime other than accomplice's testimony.

While there was evidence that appellants spent "change" at a service station and a cafe on the night in question, such money was not identified or in any manner connected with the money taken in the burglary.

Appellants were placed on the courthouse square on the night of the burglary. The evidence does not reflect the location of the building entered in relation to the courthouse square. It would appear from the testimony of Officers Taylor and Younger that the appellants and Holland were not "at or near the scene of the crime" when they were observed on the courthouse square. See Rodriquez v. State, supra; Edwards v. State, supra.

■ While some of the details related by the accomplice are supported by the testimony of the witnesses, the corroborating evidence fails to meet the requirement that it tend to connect the appellants with the offense alleged. See Anders v. State, supra; O'Donald v. State, Tex.Cr.App., 492 S.W.2d 584.

The judgments are reversed and the cause remanded.

Opinion approved by the Court.