Bobby Paul COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–89–00357–CR.

Court of Appeals of Texas, El Paso.

Dec. 19, 1990.

Rehearing Overruled Jan. 16, 1991.

Michael Holmes, Odessa, for appellant.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

Appellant was convicted of murder and his punishment was assessed at life in prison. We reverse.

The only point of error alleges that there was insufficient evidence to sustain the conviction because of the failure to corroborate the accomplice testimony.

## FACTS

On January 18, 1989, Charles Wayne Lummus (age 31) and his brother-in-law, Appellant Bobby Paul Cox (age 22) were together in Odessa, Texas, drinking beer in various bars. Charles Wayne Lummus was driving the car when they stopped and picked up two girls that were walking down the street. The two girls voluntarily entered the car. One of the girls asked to be let out at a certain street corner. Deborah Hulsey decided to remain with the two males. She was driven to a vacant spot off the highway and was beaten to death. Charles Wayne Lummus and Appellant Bobby Paul Cox left her to die and returned to their respective homes. On January 19, 1989, the victim's body was found.

## EVIDENCE

Appellant was questioned on January 27, 1989, and signed a voluntary statement. The crux of the statement which was introduced at trial was that Appellant was present at the time of murder but did not participate in any violence toward the victim. Appellant placed total responsibility for the victim's death on his brother-in-law, Charles Wayne Lummus, stating that she was repeatedly struck in the head and face.

Appellant did not testify during the trial. The State called the Appellant's brother-in-law Charles Wayne Lummus (Lummus) as a witness. Lummus admitted he had made a deal with the State to plead guilty for a recommended life sentence on the murder charge (dropping the allegation of use of a deadly weapon) and forty years on the kidnapping offense. His testimony was that he and the Appellant were equally guilty of taking part in the beating.

Appellant then introduced three different statements that Lummus had given the authorities. The first statement placed all fault for the death on Appellant; the second statement stated that they both struck the victim with a large rock; and the third statement said that he had not actually seen Appellant strike the victim with the rock (the deadly weapon alleged).

The undisputed evidence showed that Appellant was at the crime scene but the only evidence linking him to any overt violence is the testimony of the accomplice, Charles Wayne Lummus. There were no fingerprints on the rock or a beer bottle found at the scene of the murder.

## DISCUSSION

Article 38.14 of Tex.Code Crim.Pro.Ann. (Vernon 1979) provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense. [Emphasis added].

The State urges that the case of *Romero v. State*, 716 S.W.2d 519 (Tex.Crim.App. 1986) is remarkably similar which resulted in the affirming of the conviction. We reluctantly disagree. In that case, Romero, in his statement, admitted active participation in dragging the body into the bushes. But the crucial difference is that authorities seized Romero's underwear that had blood stains of the blood type consistent with Romero's and the victim's blood type.

■ The State incorrectly contends that because the defense offered Lummus' three statements that the corroboration rule does not apply. This is no longer the law in Texas. Tex.R.Crim.Evid. 607 which became effective September 1, 1986, abolishing the "voucher rule." *Stills v. State*, 728 S.W.2d 422 (Tex.App.—Eastland 1987, no pet.).

## CONCLUSION

■ When the record is searched, absent the accomplice evidence, we are unable to find sufficient corroborative evidence tending to connect Appellant with the alleged crime of intentionally killing the deceased with a deadly weapon, to-wit: a caliche rock. *Hernandez v. State*, 578 S.W.2d 731 (Tex.Crim.App.1979).

Because there is insufficient evidence of Appellant's guilt, absent the accomplice witness testimony, the Appellant, Bobby Paul Cox, cannot be retried.

Appellant's point of error is sustained.

We reverse the judgment of the trial court and a judgment of acquittal is hereby rendered.