Bobby Paul COX, Appellant,

v.

The STATE of Texas, Appellee.

No. 310–91.

Court of Criminal Appeals of Texas, En Banc.

May 13, 1992.

**610**

Mike Holmes, Odessa, for appellant.

Gary Garrison, Dist. Atty., Dennis Cadra, Michael T. Griffin, Asst. Dist. Attys., Odessa, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant, Bobby Paul Cox, was convicted of murder in Ector County, and he was sentenced to life in prison on September 27, 1989. The Court of Appeals reversed his conviction and rendered a judgment of acquittal on December 19, 1990.[1] Subsequently, pursuant to Tex.R.App.P. 202(a), the state filed a petition for discretionary review with this Court seeking review of two grounds for review. We granted the state's petition on it's first ground for review only, wherein it alleged that:

> "The Eighth Court of Appeals in El Paso erred in holding the evidence insufficient to sustain appellant's murder conviction and ordering an acquittal, and thereby ruling that appellant's extra-judicial voluntary statement was insufficient to corroborate the testimony of his accomplice, along with the other facts of the case."

We believe that the Court of Appeals incorrectly applied the law in the instant case. We will reverse.

On the evening of January 18, 1989, appellant and his brother-in-law, Charles Wayne Lummus, were driving around in Odessa, Texas, looking for girls. They pulled up beside Janie Darlene Cobb Tijerina and her friend Deborah Hulsey, the victim. After a brief conversation, the girls got into the car with them. Janie Tijerina was subsequently dropped off where she had asked to be taken, but Hulsey, the victim, stayed in the car with appellant and Lummus. They drove her to a secluded spot where she was killed by having a rock smashed into her face and head.

Appellant gave an extra-judicial voluntary statement wherein he admitted to being with Charles Wayne Lummus, the accomplice, before, during and after the murder. However, he denied that he had participated in the homicidal act. In fact, he indicated in his statement that he had tried to stop Lummus from hurting the victim. Nevertheless, appellant admitted to rifling through the victim's purse and throwing it out the window of the car while he and Lummus were leaving the injured victim for dead.

Additionally, Charles Wayne Lummus gave three separate extra-judicial, volun-

1. *Cox v. State* 802 S.W.2d 99 (Tex.App.—El Paso 1990).

tary statements regarding the events of that evening. The first statement he gave placed all of the blame for the murder on appellant. In the second statement he gave, he claimed that both he and appellant had participated in throwing the rock onto the victim's face. The third statement he gave claimed that he had personally thrown the rock on the victim's face two or three times but, although he had seen appellant hit the victim several times, he had not actually seen appellant throw the rock at her.

■ All of the extra-judicial voluntary statements, including those by Lummus which had inculpated appellant, were introduced at appellant's trial. However, as the Court of Appeals pointed out in it's discussion, Tex.Code Crim.Proc.Ann., Art. 38.14 provides:

> " 'A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed....' "

For that reason the testimony of Lummus alone, whether in person at the trial or through his extra-judicial voluntary statements, could not suffice to convict appellant. Evidence in cases where the state relies on accomplice-witness testimony is insufficient unless the testimony of the accomplice is corroborated by other evidence which tends to connect the defendant with the offense committed.[2]

■ The Court of Appeals reversed appellant's conviction and rendered a judgment of acquittal based upon "the accomplice-witness rule" as it is found in Tex.

Code Crim.Proc.Ann., Art. 38.14.[3] However, we are convinced that it misapplied the law to the facts in this case. The court stated that *"there is insufficient evidence of appellant's guilt, absent the accomplice witness testimony ...".* Its use of that language evidences a flaw in its application of the law. When determining the sufficiency of accomplice-witness corroboration, it is improper to focus on whether the other evidence, standing alone, is sufficient to establish the guilt of the accused.

■ Evidence corroborating an accomplice witness' testimony does not need to establish the guilt of the accused.[4] Additionally, the evidence does not need to *directly connect* the accused to the crime.[5] It need only be evidence which *tends to connect* the accused with the offense committed.[6]

Absent the testimony of Lummus, appellant's accomplice, the remaining evidence in this case may be insufficient, standing on its own, to establish the guilt of appellant. Nevertheless, it does tend to connect the accused with the offense committed.

■ For instance, appellant confessed to being present and in the company of the accomplice before, during and after the commission of the offense. Although the mere presence of the appellant with Lummus before or after the commission of the offense is not, in itself, sufficient corroboration,[7] proof that an accused was at or near the place where the crime occurred at or about the time that it happened, along with evidence of other circumstances can be sufficient corroboration to support a conviction.[8] All of the evidence may be

---

**2.** *Paulus v. State,* 633 S.W.2d 827, 843 (Tex. Crim.App.1982).

**3.** *Cox,* 802 S.W.2d at 100.

**4.** *Romero v. State,* 716 S.W.2d 519, 523 (Tex. Crim.App.1986); *Brown v. State,* 672 S.W.2d 487 (Tex.Crim.App.1984); *Meyers v. State,* 626 S.W.2d 778, 780 (Tex.Crim.App.1982); *Shannon v. State,* 567 S.W.2d 510 (Tex.Crim.App.1979); *Lyman v. State,* 540 S.W.2d 711 (Tex.Crim.App. 1976); *Reynolds v. State,* 489 S.W.2d 866 (Tex. Crim.App.1972).

**5.** *Brown v. State,* 672 S.W.2d 487 (Tex.Crim.App. 1984); *Meyers v. State,* 626 S.W.2d 778 (Tex. Crim.App.1982).

**6.** *Id.*

**7.** *Meyers v. State,* 626 S.W.2d 778, 780 (Tex. Crim.App.1982); *Etheredge v. State,* 542 S.W.2d 148 (Tex.Crim.App.1976); *Ayala v. State,* 511 S.W.2d 284 (Tex.Crim.App.1974).

**8.** *Harris v. State,* 738 S.W.2d 207, 218 (Tex.Crim. App.1986) certiorari denied, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). *Brown v. State,* 672 S.W.2d 487, 489 (Tex.Crim.App.1984);

examined and it is the combined and cumulative weight of the evidence furnished by non-accomplice witnesses which supplied the test for sufficiency of corroboration.[9] We believe that, in this case, the evidence of other suspicious circumstances filled the sufficiency gap left by evidence of appellant's mere presence.

The jury was allowed to consider, and thus we must give appropriate weight to, the following evidence. Appellant admitted that there were only three people present when Deborah Hulsey was murdered; they were Hulsey, Charles Lummus, and appellant himself. Janie Tijerina testified that while she was in the car prior to being let off, "[T]he driver", Charles Lummus, "never spoke", while, "the other man", appellant, "seemed to be eager—he had a big ego and thought he was real tough." Additionally, she testified that appellant "had turned around in the seat and was rubbing all over Deborah." (The Victim).

Appellant admitted that after Tijerina was dropped off, he got into the back seat with the victim and "asked her if she wanted to screw around a little bit. . . ." Nevertheless, he said that the victim turned him down claiming that he "was not her type." When appellant tried to put his arm around the victim, she shoved him away and he responded by telling her "well fuck you then."

There is evidence that appellant was present when the offense occurred indicating that he had opportunity. Evidence also indicates that appellant had a motive to attack the victim since he admitted that she had rejected his sexual advances. There is testimony from Janie Tijerina that appellant appeared to be "eager" while Charles Lummus, the accomplice, was quiet. And, there is also evidence of appellant's utter disregard for the victim, her rights and her life.

After the offense had been committed appellant abandoned the victim, Deborah, in a secluded spot despite his admitted

knowledge of the extent of her injuries. He admitted that he rifled through her purse and discarded it with its contents on the road as he and Lummus were leaving the scene. And lastly, appellant left the victim to die and he did not report the incident to authorities until he was questioned by police.

Although this "other evidence" may not establish the guilt of the appellant in and of itself, taken as a whole, it is evidence tending to connect him to the offense committed. In its review of this case, the Court of Appeals employed a standard of review which was stricter than what is required by Tex.Code Crim.Proc.Ann., Art. 38.14. We therefore reverse the judgment of the Court of Appeals and affirm the trial court's judgment of conviction.

CLINTON and OVERSTREET, JJ., concur in the result.

BAIRD, J., dissents believing the case was improvidently granted in the first instance.

*Passmore v. State,* 617 S.W.2d 682 (Tex.Crim. App.1981); *Rodriguez v. State,* 521 S.W.2d 263 (Tex.Crim.App.1974).

9. *Paulus v. State,* 633 S.W.2d 827, 843 (Tex. Crim.App.1982).