**Sammy GILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–91–079–CR.**

Court of Appeals of Texas, Waco.

March 17, 1993.

As Amended on Denial of Rehearing April 28, 1993.

---

John A. Millin, III, Houston, for appellant.

David S. Barron, Crim. Dist. Atty., Anderson, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

A jury convicted Sammy Gill of aggravated robbery and assessed punishment at fifty years. In a single point he argues that the court should have granted an instructed verdict of not guilty because there is insufficient corroboration of the testimony of the accomplice witness. We reverse and order an acquittal.

On February 5, 1990, about 8:00 P.M., Percy Westmoreland, a seventy-eight-year old grocery store owner, was robbed when he returned to his home after closing his store. As he entered his home he was carrying a paper grocery sack containing $12,000 to $15,000 in cash, personal checks, food stamps, and WIC cards.

In Westmoreland's hallway someone threw a bedspread over his head, tried unsuccessfully to tie his hands behind his back, and pushed him to the floor. The robber or robbers, whom Westmoreland never saw or heard speak, took his wallet, the sack with the store receipts, and fled. Westmoreland testified that he thought there was only one assailant. The checks, certificates, food stamps, and WIC cards were eventually found, but the cash was never recovered.

Steve Evans, co-defendant and admitted accomplice to the crime, testified that he and Gill went to Westmoreland's house the evening of February 5, 1990, entered the house, waited for him to arrive, threw a blanket or bedspread over his head, tied his hands, lowered him to the floor, and left with the grocery sack.

■ Gill's sole contention is that the court erred in not granting his motion for an instructed verdict of not guilty because there was insufficient corroboration of Evans' testimony. When determining the sufficiency of accomplice-witness corroboration, the focus should not be on whether the other evidence, standing alone, is sufficient to establish the guilt of the accused. *See* TEX.CODE CRIM.PROC.ANN. art. 38.14 (Vernon 1990); *Cox v. State*, 830 S.W.2d 609, 611 (Tex.Crim.App.1992). This is because the evidence needs only to directly connect the accused to the crime. *Cox*, 830 S.W.2d at 611. All of the evidence may be examined, and it is the combined and the cumulative weight of the evidence furnished by non-accomplice witnesses that supplies the test for sufficiency of corroboration. *Id.*

Amanda Evans, Steve's wife, testified that on the night of the robbery she was at home around 8:45 P.M. when Gill and Steve entered the apartment. Steve had a brown paper sack in his hands. Amanda followed Steve and Gill into the bedroom where she saw "a lot of money," WIC cards, and checks on the bed. Steve then pushed her out of the bedroom. She stated that the two men were in the apartment for about twenty minutes before they left together.

Sharwan Manning, Amanda's sister, testified that she saw Steve and Gill together at the Evanses' apartment about 9:00 P.M. on the night of the robbery. As the men entered the apartment she saw Steve carrying a brown paper bag. She stated that neither Steve nor Gill said anything when they entered the apartment. She saw the two men enter the bedroom and close the door and Amanda go "back there."

■ Evidence that the accused is in the presence of the accomplice witness shortly before or after the offense is insufficient, in and of itself, to corroborate the accomplice's testimony, but may be sufficient if coupled with other evidence that tends to connect the accused to the crime. *Harris v. State*, 738 S.W.2d 207, 218 (Tex.Crim.App.1986), *cert. denied*, 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). Essentially, the State contends that the other evidence is sufficient to corroborate Evans' testimony because (1) Gill was seen with Evans within one hour after the robbery, (2) Gill was in "possession" of the proceeds of the robbery, and (3) Gill engaged in furtive or suspicious conduct. The problem with the State's position is that there is no evidence that Gill ever possessed the brown grocery bag or the money, checks, food stamps or WIC cards it apparently contained. *See Moron v. State*, 779 S.W.2d 399, 402 (Tex.Crim.App.1985). Instead, the evidence showed that Evans had the grocery bag in his possession. Moreover, assuming that the evidence showed Gill also possessed the loot, his possession was not exclusive. For possession of recently stolen property to be sufficient corroboration, the possession by the accused must be exclusive. *Rubio v. State*, 121 Tex.Crim. 621, 50 S.W.2d 294, 295 (App.1932).

Likewise, the evidence does not show any furtive or suspicious acts on Gill's part while he was with Evans. According to the two eyewitnesses, Gill merely walked into the apartment with Evans and accompanied him to the bedroom. Evans, not Gill, then pushed Evans' wife out of the bedroom and shut the door. Gill later walked out of the apartment with Evans.

■ For non-accomplice witness evidence to be sufficient corroboration, it must relate to a material matter and tend directly and immediately, not merely remotely, to connect the accused with the offense. *Holladay v. State*, 709 S.W.2d 194, 200 (Tex. Crim.App.1986). A conviction cannot stand, however, if the evidence does nothing more than point the finger of suspicion at the accused. *Losada v. State*, 721 S.W.2d 305, 308 (Tex.Crim.App.1986).

Considering the evidence in the light most favorable to the verdict, we hold that it is insufficient to corroborate Evans' testimony because it does nothing more than point the finger of suspicion at Gill. *See id.* Accordingly, the evidence is insufficient to sustain his conviction. We sustain Gill's point, reverse the judgment, and order an acquittal.

VANCE, Justice, dissenting.

The victim testified that at about 8:00 p.m. he was robbed in his home, and a paper grocery sack containing a large amount of cash, checks, food stamps, and WIC cards was stolen. Steve Evans, who had been convicted of the crime, testified that Gill assisted him with the robbery. Amanda Evans, Steve's wife, testified that on the night of the robbery she was at home around 8:45 P.M. when Gill and Steve entered the apartment. Steve had a brown paper sack in his hands. Amanda followed Steve and Gill into the bedroom where she saw "a lot of money," WIC cards, food stamps, and checks on the bed. Steve then pushed her out of the bedroom. She stated that the two men were in the apartment for about twenty minutes before they left together.

Sharwan Manning, Amanda's sister, testified that she saw Steve and Gill together at the apartment on the night of the robbery. As the men entered the apartment she saw Steve carrying a brown paper bag. She stated that neither Steve nor Gill said anything when they entered the apartment. She saw the two men enter the bedroom and close the door and Amanda go "back there."

To test the sufficiency of evidence corroborating the testimony of an accomplice witness, we ask whether the combined cumulative weight of the incriminating evidence furnished by the non-accomplice witnesses *tends to connect* the accused with the offense. *See Cox v. State*, 830 S.W.2d 609, 611 (Tex.Crim.App.1992); *Paulus v. State*, 633 S.W.2d 827, 843 (Tex.Crim.App. 1982); Tex.Code Crim.Proc.Ann. art. 38.14 (Vernon 1979). Our inquiry looks to all the facts and circumstances in evidence. *See*

**10**

*Paulus,* 633 S.W.2d at 843. The corroborative evidence may be circumstantial or direct. *Id.* Apparently insignificant circumstances sometimes afford the most satisfactory evidence of guilt and corroboration of the accomplice witness' testimony. *Id.* at 844.

The non-accomplice testimony of Amanda and Sharwan tends to connect Gill to the robbery. Their testimony places Gill and Steve together within one hour of the robbery. Although the mere presence of an accused in the company of an accomplice witness shortly before or after the commission of an offense is not, in itself, sufficient corroboration, nevertheless, when coupled with other circumstances it may be sufficient. *Harris v. State,* 738 S.W.2d 207, 218 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987). The "other circumstances" in this case are the presence of the money, checks, WIC cards, and food stamps in the room where Gill and Evans were and the secretive nature of their actions.

Sufficient corroboration of the testimony of an accomplice to warrant a conviction may be furnished by the suspicious conduct of a defendant after a crime was committed. *Passmore v. State,* 617 S.W.2d 682, 684–85 (Tex.Crim.App. [Panel Op.] 1981). Sharwan testified that when Gill and Evans entered the apartment on the night of the robbery, neither man said a word before proceeding to the bedroom. Amanda testified that when she attempted to enter the room Steve pushed her out.

Although the "other evidence" may not establish Gill's guilt in and of itself, taken as a whole it "tends to connect" him to the offense committed. *See Cox,* 830 S.W.2d at 612. I would affirm the judgment.

### OPINION ON REHEARING

The State correctly points out on rehearing that our original opinion, citing *Cox v. State,* 830 S.W.2d 609, 611 (Tex.Crim.App. 1992), does not accurately state the standard for determining when the evidence is sufficient to corroborate the testimony of an accomplice-witness. The correct standard is not whether the evidence, apart from the accomplice-witness' testimony, "directly connects" the accused to the crime but whether the evidence "tends to connect" the accused to the crime. *Id.* The correct standard was stated, however, on page 3 of the opinion and was used in reviewing the sufficiency of the evidence.

The State's motion for a rehearing is otherwise denied.

VANCE, J., dissents; he would grant the motion for rehearing.