NUMBER 13-03-420-CR


 

COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RALPH MCAFEE, SR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 23rd District Court of Wharton County, Texas.

 


O P I N I O N


Before the Court En Banc


Opinion by Justice Garza


 

This Court granted en banc review in this case, as well as in Patterson v. State, a
separate case that raises a similar and related issue. (1) By four issues, appellant, Ralph
McAfee, Sr., challenges his conviction for possession of cocaine. For the following 
reasons, we overrule appellant's issues and affirm the judgment of the trial court. 

I. Admissibility of Evidence Stemming from Traffic Stop

In his fourth issue, appellant contends that the "trial court erred in admitting the
cocaine because the State failed to establish probable cause for the stop of appellant's
vehicle." Appellant's Brief p.21. This issue ultimately fails because, among other things,
law enforcement does not need "probable cause" to effectuate a traffic stop. See Garza v.
State, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989) ("It is clear that circumstances short of
probable cause may justify temporary detention for purposes of investigation."). (2) 

The evidence shows the following facts: A police officer observed appellant's vehicle
traveling in excess of the posted speed limit. The officer stopped appellant for speeding,
but testified that, before the stop, he knew that appellant was suspected of illegal drug
activity that had occurred immediately prior to the traffic stop. During the traffic stop, the
officer discovered appellant had no proof of insurance for his automobile. A pat-down
search of the vehicle's other occupant, who was highly agitated and shaking uncontrollably
at the time of appellant's arrest, revealed that the passenger was carrying the cocaine that
was later admitted at appellant's trial. 

Appellant contends that the traffic stop was improper because there was no evidence
that the speedometer in the police cruiser "was in proper working order" when the arresting
officer used it to "pace" the speed of appellant's vehicle. Appellant's Brief p.26. As the
State's brief points out, speedometer pacing was not the sole basis for the officer's
conclusion that appellant was speeding. At trial, the arresting officer explained that he
visually observed the rate at which appellant's vehicle was traveling and testified that, based
on his training and experience, he was able to determine that appellant's vehicle was
traveling at an excessive rate. The officer attempted to catch up to appellant's vehicle and
testified that, only then, did he use his speedometer to pace appellant's speed more
definitively. Appellant has provided this Court with no authority for holding that these
circumstances cannot give rise to a reasonable suspicion of speeding. See Garza, 771
S.W.2d at 558. The legality of the officer's actions beyond initiating the traffic stop for
speeding has not been challenged on appeal. Appellant's fourth issue is overruled. 

II. Corroboration of Accomplice and Informant Testimony 

In his first and second issues, appellant contends that there is insufficient evidence
to independently corroborate the testimony of Frank Gonzales, the passenger in his vehicle,
who is an accomplice, and the testimony of Jesse Waddy, a police informant. 

The code of criminal procedure provides as follows: 

A conviction cannot be had upon the testimony of an accomplice unless
corroborated by other evidence tending to connect the defendant with the offense
committed; and the corroboration is not sufficient if it merely shows the commission
of the offense. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005).

A defendant may not be convicted of an offense under Chapter 481, Health
and Safety Code, on the testimony of a person who is not a licensed peace
officer or a special investigator but who is acting covertly on behalf of a law
enforcement agency or under the color of law enforcement unless the
testimony is corroborated by other evidence tending to connect the defendant
with the offense committed.


Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon 2005).

 Corroborative evidence is sufficient if it "tends to connect" appellant to the offense. 
See Munoz v. State, 853 S.W.2d 558, 559 (Tex. Crim. App. 1993); see also Taylor v. State,
10 S.W.3d 673, 685 (Tex. Crim. App. 2001). No precise rule has been formulated as to the
amount of evidence required to corroborate, but the Texas Court of Criminal Appeals has
articulated some basic precepts for our assistance. Dowthitt v. State, 931 S.W.2d 244, 249
(Tex. Crim. App. 1996); Gill v. State, 873 S.W.2d 45, 48 (Tex. Crim. App. 1994). The
evidence used for corroboration does not need to be in itself sufficient to establish guilt
beyond a reasonable doubt. Gill, 873 S.W.2d at 48; Munoz, 853 S.W.2d at 559; Cox v.
State, 830 S.W.2d 609, 611 (Tex. Crim. App. 1992). Nor must it directly link the accused
to the commission of the offense. Dowthitt, 931 S.W.2d at 249; Gill, 873 S.W.2d at 48;
Munoz, 853 S.W.2d at 559; Cox, 830 S.W.2d at 611. While the accused's mere presence
in the company of the accomplice or informant before, during, and after the commission of
the offense is insufficient by itself to corroborate accomplice testimony, evidence of such
presence, coupled with other suspicious circumstances, may tend to connect the accused
to the offense. See Dowthitt, 931 S.W.2d at 249; Gill, 873 S.W.2d at 49; Cox, 830 S.W.2d
at 611. Even apparently insignificant incriminating circumstances may sometimes afford
satisfactory evidence of corroboration. See Dowthitt, 931 S.W.2d at 249; Munoz, 853
S.W.2d at 559. The absence of "smoking gun" evidence does not invalidate evidence that
does connect the defendant to the offense. Trevino v. State, 991 S.W.2d 849, 852 (Tex.
Crim. App. 1999). 

 Appellant argues that his convictions must be overturned because the corroboration
evidence is insufficient:

The cocaine alleged to have been possessed in this case was found in the
pant cuff of the accomplice Frank Gonzales. Apart from the testimony of the
accomplice Frank Gonzales that Appellant gave him the cocaine when they
were being stopped by officers and the testimony of the confidential informant
Jesse Waddy that Appellant had shown him the cocaine earlier, police
officers could only testify that Appellant was in the presence of Gonzales and
Waddy before Gonzales' arrest and with Gonzales at the time the police
found cocaine on Gonzales. 

[A]ll that the non-accomplice non-informant testimony establishes is that
Appellant was in the presence of the accomplice and informant before and/or
during the commission of the offense. . . 


The legal issue is whether the testimony of an informant under Article 38.141
can corroborate the testimony of an accomplice under Article 38.14 [or vice
versa]. 


Appellant's Brief pp. 7, 10.


 Appellant's first and second issues fail because the independent corroboration
evidence--that is, the evidence that requires no corroboration--tends to connect appellant
to the offense committed. There is, for one thing, testimony from a detective who witnessed
appellant and his accomplice arrive at the scene of a pre-arranged drug transaction. 
According to the detective's testimony, law enforcement had worked out an arrangement
with an informant to lure appellant to the informant's house with drugs for a sale, which the
informant would ultimately decline. The plan was designed to catch appellant in possession
of the drugs that he had brought to the informant's house. Because law enforcement
wanted to keep their informant's identity confidential, they arranged to have a patrol car
follow appellant away from the informant's house and develop an independent justification
to detain and investigate appellant. 

 The detective testified that, on the day in question, he visually observed appellant
arrive at the informant's house with a passenger who remained in appellant's car. The
detective also saw appellant get out of his car and approach the informant, who was
standing in front of the house. The detective watched appellant and the informant have a
conversation outside and observed the informant remove his hat, which was a pre-arranged
signal that appellant had drugs on him. The detective then watched as appellant returned
to his car, where his passenger had remained, and watched as appellant drove away. 
 There was also testimony from the police officers who interdicted appellant's vehicle
as it sped away from the informant's house. As noted above, the arresting officers had
reasonable suspicion to stop appellant for speeding, and the legality of their actions beyond
initiating the traffic stop has not been challenged on appeal. The officers testified that they
immediately developed a second infraction of the law when appellant could not produce
valid proof of insurance upon their request. Before any additional police investigations or
any interrogations of appellant could occur, the officers discovered contraband on the
person of the vehicle's other occupant. 

 The tends-to-connect standard presents a low hurdle for the State. See Dowthitt,
931 S.W.2d at 249; Munoz, 853 S.W.2d at 559. After all, the tends-to-connect evidence
is unlikely to be the same evidence that proves guilt beyond a reasonable doubt. If the
"other evidence" required by the corroboration statute were always sufficient for conviction,
there would be no necessity for the State to ever rely on accomplice or informant testimony
in the first place. 

 The corroboration evidence is sufficient in this case. Direct eyewitness testimony
from law enforcement agents established appellant's participation in drug-related activities
that had been orchestrated and monitored by local law enforcement. Appellant was
apprehended almost immediately after these activities and was discovered to be in close
proximity to the drugs at issue. It would be improper to hold such evidence insufficient for
corroboration on the grounds that appellant was "merely present" during the commission
of the offense because such expressions denote an element of innocent coincidence that
is entirely lacking in this case. In other words, this case presents the additional "suspicious
circumstances" that, when coupled with "mere presence," are sufficient for corroboration
purposes. See Dowthitt, 931 S.W.2d at 249; Gill, 873 S.W.2d at 49; Cox, 830 S.W.2d at
611. 

 Although the evidence connecting appellant to the offense may not have been
enough to convict appellant, it need not rise to such a high threshold for purposes of
corroboration. See Gill, 873 S.W.2d at 48; Munoz, 853 S.W.2d at 559; Cox, 830 S.W.2d
at 611. Accordingly, appellant's first and second issues are overruled without addressing
whether an informant may corroborate an accomplice or vice versa, as that determination
would have no effect on the outcome of the case. See Tex. R. App. P. 47.1. (3)

III. Cross-Examination

 In his third and final issue, appellant contends that the trial court erred by sustaining
the State's objection to a question regarding specific violations of the law that the informant
committed while on probation. Appellant points out that the informant's credibility as a
witness was hotly contested at trial. According to appellant, the trial court's refusal to allow
the informant to be questioned about his recent violations of the law prevented appellant
from impeaching the informant's credibility as a witness. In particular, appellant argues that
he was wrongfully thwarted by the trial court in attempting to prove that the informant had
a motive for cooperating with law enforcement, and perhaps for offering perjured testimony,
because he was on probation and had committed violations of the law that could cause his
probation to be revoked. 

 Before the objected-to question, appellant's trial counsel asked the informant
whether he had violated the law in the seven years he had been on probation, and the
informant answered in the affirmative. Counsel then asked, "So, what other violations of
the law have you had?" The State objected to the question as "improper impeachment,"
and after an off-the-record discussion, the trial court sustained the objection. 

 Although the record reflects that the State's objection to this line of questioning was
sustained, there is no indication in the record that appellant attempted to make an offer of
proof. Error may not be predicated upon a ruling which excludes evidence unless the
substance of the evidence was made known to the court by offer of proof or was apparent
from the context within which questions were asked. Warner v. State, 969 S.W.2d 1, 2
(Tex. Crim. App. 1998). An offer of proof may be in question-and-answer form, or it may
be in the form of a concise statement by counsel. Id.; Love v. State, 861 S.W.2d 899, 901
(Tex. Crim. App.1993).

 It is apparent from the record that the informant had a criminal history. It is also
equally apparent that appellant explored this criminal history at trial through cross-examination testimony that focused on the informant's current probation, past drug use,
current drug testing, and prior criminal offenses. Through questioning, appellant
established that the informant had committed violations of the law while on probation and
that, nevertheless, no motions to revoke his probation had been filed by the State. This is
the very fact that appellant now claims he wanted to use to impeach the informant's
credibility. Because this fact was testified to in open court, there is no basis for sustaining
appellant's third issue. See Tex. R. App. P. 44.2. The absence of an offer of proof also
prevents this Court from ascertaining whether or to what extent the proposed testimony
would have further developed this ground for impeachment. Accordingly, the issue is
overruled. 

 The judgment of the trial court is affirmed. 




 _______________________

 DORI CONTRERAS GARZA,

 Justice


Dissenting Opinion by

Justice Linda Reyna Yañez.


Concurring Opinion by

Justice Errlinda Castillo.


Publish. 

Tex. R. App. P. 47.2(b).

Opinion delivered and filed this 

the 26th day of October, 2006.
1. See Patterson v. State, Nos. 13-04-482-CR, 13-04-483-CR, 13-04-484-CR, 2005 Tex. App. LEXIS
8253 (Corpus Christi Oct. 6, 2005). 
2. All that the officer needs to conduct an investigatory detention, such as a traffic stop, are specific,
articulable facts, which, in light of the officer's experience and general knowledge, together with rational
inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for
investigation. See Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). There need only be an
objective basis for the detention; the subjective intent of the officer is irrelevant. Garcia v. State, 43 S.W.3d
527, 530 (Tex. Crim. App. 2001). 
3. See Patterson v. State, Nos. 13-04-482-CR, 13-04-483-CR, 13-04-484-CR (discussing cross-corroboration and the meaning of "other evidence" under corroboration statutes).