NO. 07-09-0255-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 8, 2010

______________________________


TIMOTHY DAVENPORT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 10,065; HONORABLE JOHN LAGRONE, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Following a plea of not guilty, Appellant, Timothy Davenport, was convicted for
possession of a controlled substance and sentenced to fourteen months confinement. 
Appellant timely filed a notice of appeal. On October 19, 2009, retained counsel for
Appellant filed a Motion to Dismiss Appeal representing that Appellant wished to withdraw
his notice of appeal. Although the motion was signed by counsel, it was not signed by
Appellant as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure. 
Consequently, counsel was advised by the Clerk of this Court of the defect. Counsel then
notified this Court by letter that he understood Appellant was in prison, “but after a
thorough search,” was unable to locate him for his signature. 
          By telephone inquiry, the Clerk of this Court determined the following:
•Appellant was released on an appeal bond issued by Ferguson Bond
Company; 
•Appellant’s home address is 106 Dillard, Borger, Texas 79007; and
•Appellant’s work phone number is (806) 274-5656.
 
This information was made available to counsel by letter dated December 7, 2009. By that
same letter, counsel was advised that the Court was unable to grant the motion to dismiss
without Appellant’s signature and was notified that failure to procure his signature by
December 17, 2009, would result in abatement of the appeal and a remand of the cause
to the trial court to resolve the issue. Counsel has not responded to the December 7 letter.
          Therefore we now abate this appeal and remand the cause to the trial court. Upon
remand, the trial court shall utilize whatever means necessary to determine:
1. whether Appellant desires to dismiss his appeal, and if so, procure his
signature on a motion to dismiss and file it with the Clerk of this Court; or
          2. whether Appellant wishes to continue with his appeal. 
The trial court shall execute findings of fact, conclusions of law, and any necessary orders
it may enter regarding the aforementioned issue and cause its findings, conclusions, and
orders, if any, to be included in a supplemental clerk's record. A supplemental reporter’s
record of the hearing, if any, shall also be included in the appellate record. Finally, the trial
court shall file the supplemental clerk's record and the supplemental reporter's record, if
any, with the Clerk of this Court by Monday, February 22, 2010.



          It is so ordered.
Per Curiam



an>As a result of a plea bargain with the State, Vernon pled guilty and received a ten
year probated sentence because of his activities on Ronnie’s farm. Vernon recited that he
and appellant became acquainted when both of them were working in California. They
stayed in contact and, in the spring of 2001, he said appellant and his son came to Texas
because “we was going to plant some marijuana” on Ronnie’s farm. Vernon averred that
he, appellant, and appellant’s son planted some 300 marijuana plants on the farm which
were harvested by appellant and appellant’s wife and son. As the plants were harvested,
they were carried back to Ronnie’s farm in a pickup Vernon owned. After the plants were
delivered to the barn, he said, appellant, his son, and his wife would deliver them to
“whoever was going to travel it further.” Vernon estimated that appellant and the others
spent “about six weeks, five weeks, maybe” on the farm. Vernon said that appellant had
paid him “ten or twelve thousand” dollars as his part of the profit from the sale.
          Appellant chose to testify at trial. He also said that he and Vernon had gotten
acquainted when both of them were working in California. After Vernon moved back to
Texas, he said, he bought a “little place” in Arkansas. As he would go back and forth, he
would stop to see Vernon and would sometimes spend the night although he denied they
ever discussed marijuana. In 2001, he said he bought the Clovis house because he
wanted to get back where there wouldn’t be as many drugs as there were in California. In
doing so, he said he borrowed about three thousand dollars from Vernon to pay for the
house because he only had “Social Security and SSI.” He said he had a bad back and
wasn’t able to lift but he had worked some for Ronnie on the farm driving a tractor and
“helped him in the Indian corn and gourds and pumpkins.” He worked five and sometimes
seven days a week for Ronnie, but he denied that he knew anything about the marijuana
project.
          Appellant admitted that he had put his blood pressure and cholesterol pills in the
refrigerator located on Ronnie’s farm, and he admitted that one day as he went to get
some pills, he saw the marijuana located in the barn, took his pills, left the barn, and never
went back in. He averred that when he did work on the farm he used to go home about
noon and whoever brought in the marijuana must have brought it in the evening as he had
no knowledge of it. He said he never used marijuana, although he thought his boys might
have done so.
          Appellant specifically denied that he had ever planted any marijuana and could not
have done so because “[he] was seventy-six years old,” [his] back has been bad for years,”
and he “absolutely did not plant one seed.” Appellant admitted that he had been arrested
in California but vacillated about the nature and result of that arrest although he had ended
up serving eight months and 26 days in a county jail. The jury received evidence that he
had been convicted for marijuana possession and cultivation for which he received a
probated sentence. Appellant said he sold the Clovis house because his boys had gone
back to California. He left the personal property and furniture in the Clovis house because
it “wasn’t worth hauling back . . . .”
 
Discussion
          Article 38.14 of the Code of Criminal Procedure provides “[a] conviction cannot be
had upon the testimony of an accomplice unless corroborated by other evidence tending
to connect the defendant with the offense committed; and the corroboration is not sufficient
if it merely shows the commission of the offense.” Tex. Code Crim. Proc. Ann. art. 38.14
(Vernon 2005). An accomplice witness is an accomplice as a matter of law if he implicates
himself in an offense. Gill v. State, 873 S.W.2d 45, 47 n.3 (Tex. Crim. App. 1994). In this
case, because Vernon admitted participating in the charged offense, he is an accomplice
as a matter of law. Thus, in order to give sufficient evidentiary weight to his testimony, the
record must contain other evidence tending to connect appellant to the charged offense.
          The evidentiary strength of corroborative evidence is determined by eliminating from
consideration the testimony of the accomplice witness and examining the testimony of
other witnesses to determine if sufficient other evidence exists that tends to connect the
defendant to the commission of the alleged crime. Hernandez v. State, 939 S.W.2d 173,
176 (Tex. Crim. App. 1997).
           It is true that the mere presence of a defendant at the scene of the crime, without
more, is not sufficient to corroborate accomplice testimony. Cox v. State, 830 S.W.2d 609,
611 (Tex. Crim. App. 1992). Even so, such evidence, when coupled with other suspicious
circumstances, may sufficiently tend to connect an accused to the crime so as to furnish
sufficient corroboration to support a conviction. Brown v. State, 672 S.W.2d 487, 489 (Tex.
Crim. App. 1984). It has long been true that apparently insignificant circumstances may
provide sufficient corroboration. Holmes v. State, 70 Tex. Crim. 423, 157 S.W. 487, 493
(1913). Evidence of flight, when coupled with the presence of a defendant at the crime
scene has been held sufficient corroborating evidence. Passmore v. State, 617 S.W.2d
682, 684-85 (Tex. Crim. App. 1981), overruled on other grounds by Reed v. State, 744
S.W.2d 112 (Tex. Crim. App. 1988). Moreover, although it may be considered along with
other evidence tending to connect an accused to a crime, evidence of motive or opportunity
to commit a crime by itself is not sufficient to corroborate accomplice testimony. Reed v.
State, 744 S.W.2d at 127.
          In this case, aside from Vernon’s testimony, there was evidence that appellant had
been convicted in California of the offenses of cultivating and possessing marijuana and
destruction of evidence. It was undisputed that appellant had worked on Ronnie’s farm at
least through October 18, 2001. The record also shows that the marijuana on Ronnie’s
farm was harvested in September 2001 and that during that same month, appellant had
placed his prescription bottles in the refrigerator located in the barn in which the processing
of the marijuana was taking place. Additionally, appellant testified specifically that when
“they brought that first load of marijuana in there,” he removed his medications from the
barn refrigerator. He also admitted that he continued to work on the farm for a month after
he had discovered the marijuana in the barn. 
          It is axiomatic that the jury is the exclusive judge of the credibility of witnesses and
of the weight to be given their testimony. Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim.
App. 2000). Likewise, reconciliation of conflicts in the evidence is within the sole province
of the jury and it may choose to believe some testimony and disbelieve other testimony. 
Id. In this case, the jury chose to accept the State’s testimony. The evidence we have
outlined is sufficient to corroborate the accomplice testimony and to justify the jury’s
verdict. Appellant’s points of error must be, and are hereby, overruled.
          Accordingly, the judgment of the trial court is affirmed. 
 
                                                                           John T. Boyd
                                                                          Senior Justice
 
Do not publish.